# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50670
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Robin M. Gatewood,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-138-1

---

Before Jones, Stewart, and Haynes, *Circuit Judges*.

Per Curiam:*

Robin Gatewood, a federal prisoner, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. On appeal, Gatewood argues that the district court failed to adequately explain its decision denying his motion for a sentence reduction.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50670

We review a district court's order denying compassionate release for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may only modify a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In addition to that determination, the district court must consider the applicable factors listed in 18 U.S.C. § 3553(a) and provide specific reasons for its decision. *Chambliss*, 948 F.3d at 693. However, the amount of explanation needed depends "upon the circumstances of the particular case." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). As the Supreme Court has guided, "it may be sufficient," in some instances, "that the judge simply relied upon the record, while making clear that" the judge also "considered the parties' arguments and [has] taken account of the § 3553(a) factors." *Id.*

We disagree with Gatewood that the district court abused its discretion here. Rather, the record reflects that the district court gave due consideration to the motion for compassionate release. Indeed, as reflected in its order, the district court reviewed Gatewood's motion, the Government's response, and Gatewood's reply—each of which pressed arguments regarding the § 3553(a) factors. *See Chavez-Meza*, 138 S. Ct. at 1965. The district court also explicitly stated that it separately considered the § 3553(a) factors and the applicable policy statements issued by the Sentencing Commission. After review of these relevant arguments, the court concluded relief was not warranted. On this record then, we conclude there is no basis for a determination that the district court abused its discretion. *See Chambliss*, 948 F.3d at 693–94.

Accordingly, the judgment of the district court is AFFIRMED.